# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO SUPPRESS** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:19-cr-031 |
| Terrell Jason Armstrong, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Terrell Armstrong's motion to suppress filed on December 13, 2019. See Doc. No. 145. Armstrong seeks an order suppressing a statement he made to investigators on April 29, 2019. The Government filed a response in opposition to the motion on December 26, 2019. See Doc. No. 148. An evidentiary hearing was held on March 2, 2020. Trial is scheduled to begin June 15, 2020. Armstrong filed a post hearing brief on March 20, 2020. See Doc. No. 196. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

On April 29, 2019, law enforcement officers with the Northwest Metro Drug Task Force executed a search warrant at 8555 Atlas Circle in Inver Grove Heights, Minnesota. Upon entry into the residence, law enforcement made contact with Armstrong, an adult female (Yazuanie Vanderbilt), and three children. Execution of the search warrant yielded mail for Armstrong, a firearm, ammunition, marijuana, a money counter, cellular phones, and identification for "Armondo Luisito Saizaria" with Armstrong's photo on it. Law enforcement also located a safe and U.S. Currency in excess of $66,000. Brooklyn Park Police Department Investigator Nicholas

1

Courtright interviewed Vanderbilt as well as Armstrong. Prior to reading Armstrong his *Miranda* rights, Investigator Courtright asked him for his name, date of birth, cell phone number, address, if he was employed, and where he was employed. Armstrong answered these questions. Investigator Courtright then read Armstrong his *Miranda* rights. Upon being advised of his rights, Armstrong declined to answer any additional questions and the interview ended.

II.     **LEGAL DISCUSSION**

Armstrong contends answers he gave to questions posed by investigators prior to being advised of his *Miranda* rights should be suppressed. The Government maintains the questions elicited nothing more than routine biographical information which do not require *Miranda* warnings.

The Fifth Amendment to the United States Constitution provides a privilege against self-incrimination. Given this Fifth Amendment privilege, certain procedural safeguards must be employed prior to interrogation of an individual by law enforcement officers. Miranda v. Arizona, 384 U.S. 436, 444 (1966). It is well-established that law enforcement officers must administer *Miranda* warnings whenever a suspect is "taken into custody or otherwise deprived of his freedom by the authorities in any significant way and is subjected to questioning." Id. at 478-79. The basic rule of *Miranda* is that a person must be advised of the right to be free from compulsory self-incrimination and the right to counsel when a person is taken into custody for questioning. United States v. Griffin, 922 F.2d 1343, 1347 (8th Cir. 1990). Accordingly, *Miranda* requires that law enforcement officers advise a person as to the availability of this privilege against self-incrimination and to the assistance of counsel when a person is interrogated

while in custody. Id. "If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." Miranda, 384 U.S. at 473-74. For purposes of *Miranda*, an individual is in custody when he is either formally arrested or his freedom of movement is constrained to a degree equivalent with formal arrest. United States v. Brave Heart, 397 F.3d 1035, 1038 (8th Cir. 2005).

One exception to the *Miranda* rule is the routine booking question exception. United States v. Brown, 101 F.3d 1272, 1274 (8th Cir.1996). "It is well-settled that routine biographical data is exempted from *Miranda's* coverage" and a person's name is one example of such information. Id. (citing Pennsylvania v. Muniz, 496 U.S. 582, 601 (1990)). This exception is rooted in the idea that questioning that is not reasonably likely to elicit an incriminating response does not require *Miranda* warnings. United States v. McLaughlin, 777 F.2d 388, 391 (8th Cir. 1985). In *McLaughlin*, the Eighth Circuit Court of Appeals noted that a request by law enforcement for a suspect's address, telephone number, marital status, place of employment, and home address are basic identification information and *Miranda* warnings are not required. McLaughlin, 777 F.2d at 391-92.

In this case, Investigator Courtright asked Armstrong for his name, date of birth, cell phone number, address, if he was employed, and where he was employed before advising him of his *Miranda* rights. An inquiry into this type of basic background information does not trigger *Miranda*. McLaughlin, 777 F.2d at 391-92. As the questions posed in this case fall squarely within the exception, suppression is unwarranted.

## III. CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, and the relevant case law. For the reasons set forth above, Armstrong's motion to suppress (Doc. No. 145) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of April, 2020.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court