IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO SUPPRESS** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:19-cr-031 |
| Terrell Jason Armstrong, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Terrell Armstrong's motion to suppress filed on December 13, 2019. See Doc. No. 141. Armstrong seeks an order suppressing cell-site location information ("CSLI") obtained pursuant to an administrative subpoena. The Government filed a response in opposition to the motion on December 27, 2019. See Doc. No. 148. An evidentiary hearing was held on March 2, 2020. Armstrong file a post hearing brief on March 20, 2020. See Doc. No. 196. For the reasons set forth below, the motion is denied.

**I.   BACKGROUND**

On January 16, 2019, DEA Special Agent Jesse Place submitted an administrative subpoena to Verizon Wireless for information related to two telephone numbers, including one related to the Defendant, the last four digits of which are 1077. See Doc. No. 151-1. The date range covered by the subpoena was December 17, 2018 through January 15, 2019. Although somewhat unclear from the language of the subpoena itself, it is undisputed that Special Agent Place requested and obtained CSLI pursuant to the subpoena.

On January 17, 2019, Investigator Nicholas Courtright of the Brooklyn Park Police

Department in Minnesota obtained a search warrant from a Minnesota state court judge for CSLI information related to the same telephone number ending in 1077 which was the subject of Special Agent Place's administrative subpoena.  See Doc. No. 151-2, pp. 6-8.  The search warrant covered historical CSLI for thirty (30) days prior to the issuance of the warrant and from December 12, 2018, through December 19, 2018, and future CSLI for the sixty (60) day duration of the search warrant.  Thus, the search warrant covered the period of December 12, 2018, through March 18, 2019.

The CSLI information obtained from Verizon revealed Armstrong's cell phone was in Bismarck, North Dakota, on January 19, 2019.  See Doc. No. 151-3.  This was the same time frame during which co-defendants were arrested in the Bismarck area with a substantial quantity of controlled substances.  See Doc. No. 151-4.

## II.     LEGAL DISCUSSION

Police officers must usually obtain a warrant before searching the contents of a cell phone.  United States v. Riley, 573 U.S. 373, 386 (2014).  The same is true for CSLI which records a person's movements through a record of his cell phone signals.  Carpenter v. United States, 138 S. Ct. 2206, 2221 (2018).  The Supreme Court held in *Carpenter* that a person "maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI."  Id. at 2217.  When the Government tracks the location of a cell phone through CSLI it achieves near perfect surveillance which reveals the details of a person life in an effortless and encyclopedic fashion.  Id. at 2217-18.  CSLI reveals every location an individual has visited including private residences, businesses, doctor's offices, political headquarters,

places of worship, and other revealing locales.  Id.  Cell phone carriers often maintain such information for up to five years.  Id. at 2218.  The Supreme Court noted such location information raised even more privacy concerns than GPS monitoring of a vehicle.  Id.  In holding that the Government must obtain a warrant before acquiring CSLI, the Supreme Court rejected the contention that such information is fair game because it constitutes business records held by a third party.  Id. at 2219.  The Supreme Court refused to extend the business records doctrine to CSLI due to the unique nature of CSLI which provides an exhaustive and detailed chronicle of a person's physical movements over a period of years.  Id. at 2219-20.  Thus, a record of a person's physical movements as detailed in CSLI is protected by the Fourth Amendment.  Id. at 2217.

*Carpenter* was decided on June 22, 2018.  Special Agent Place submitted his administrative subpoena to Verizon on January 16, 2019.  In the wake of *Carpenter,* the use of an administrative subpoena by Special Agent Place to obtain CSLI was a violation of the Fourth Amendment.  However, there was nothing improper in obtaining simple subscriber information via subpoena.  And there was nothing improper about the CSLI Investigator Courtwright obtained via a state court search warrant issued on January 17, 2019.

In such a situation, the inevitable discovery doctrine applies.  The Eighth Circuit Court of Appeals has held this exception applies when the Government proves the following by a preponderance of the evidence:

> (1) that there was a reasonable probability that the evidence would have been discovered by lawful means in the absence of police misconduct, and (2) that the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation.  In this analysis, it is important to focus not on what the officers actually did after unlawfully recovering evidence, but on what the officers were reasonably likely to have done had the unlawful recovery not occurred.

United States v. McManaman, 673 F.3d 841, 846 (8th Cir. 2012) (internal citations and quotations omitted).

The subpoena and the search warrant in this case both applied to the same 1077 telephone number and the cell phone carrier Verizon. Thus, it was inevitable that the Government would be able to obtain the CSLI related to telephone number 1077 by lawful means at nearly the same time as the officers working for different law enforcement agencies. The search warrant was broader in its sweep that the subpoena as well as it covered a larger time frame and required the disclosure of more information including a specific request for CSLI. It is clear the Government would have lawfully discovered the CSLI in the absence of the subpoena. Suppression is unwarranted.

The contention by Armstrong that the CSLI obtained went beyond the scope of the warrant and subpoena fails. The time frame covered by the search warrant was much broader than the subpoena. The search warrant covered the period of December 12, 2018, through March 18, 2019, while the subpoena covered December 17, 2018, through January 15, 2019. Any CSLI from January 19, 2019, and January 20, 2019, was clearly covered by the warrant. The date range of the search warrant is broader than the subpoena and there is no evidence CSLI from outside the period of time covered by the search warrant was obtained.

### III.    CONCLUSION

The Court has carefully reviewed the entire record, the parties' arguments, and the relevant case law. For the reasons set forth above, Armstrong's motion to suppress (Doc. No. 141) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 20th day of April, 2020.

                                                */s/ Daniel L. Hovland*
                                                Daniel L. Hovland, District Judge
                                                United States District Court